IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DEVON MICHAEL FREE,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | **Civil No. TMD 15-1359** |
| v. | * | |
| | * | |
| | * | |
| **CAROLYN W. COLVIN,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| Defendant. | * | |
| | ************ | |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND**

Plaintiff Devon Michael Free seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14), Defendant's Motion for Summary Judgment (ECF No. 15), and "Plaintiff's Reply Memorandum" (ECF No. 18).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## **Background**

Plaintiff was born in 1992, has a high-school education, and has no past relevant work. R. at 164, 169. On December 19, 2011, Plaintiff protectively filed an application for SSI, alleging disability beginning on January 1, 2005, due to major depression and ADHD. R. at 149-54, 164, 168. The Commissioner denied Plaintiff's application initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 66-96, 100-02. On December 13, 2013, ALJ Stewart Goldstein held a hearing in Hagerstown, Maryland, at which Plaintiff and a vocational expert ("VE") testified. R. at 27-65. On January 7, 2014, the ALJ issued a decision finding Plaintiff not disabled since the application date of December 19, 2011. R. at 10-26. Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on March 10, 2015. R. at 1-9, 228-34. The ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On May 12, 2015, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

II

**Summary of Evidence**

A.  **State Agency Medical Consultants**

On March 8, 2012, a state agency consultant, Maurice Prout, Ph.D., using the psychiatric review technique ("PRT") under 20 C.F.R. § 416.920a, evaluated Plaintiff's mental impairments under Listings 12.02 and 12.08 relating to organic mental disorders and personality disorders (R. at 70-71).  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.02, 12.08.  Dr. Prout opined that, under paragraph B of the applicable listings, Plaintiff's mental impairments caused him to experience (1) moderate restriction in activities of daily living; (2) moderate difficulties in maintaining social functioning; (3) moderate difficulties in maintaining concentration, persistence, or pace; and (4) one or two repeated episodes of decompensation of extended duration.  R. at 70.  Dr. Prout did not find evidence to establish the presence of the criteria under paragraph C of the applicable listings.  R. at 70.  Dr. Prout thus assessed Plaintiff's mental residual functional capacity ("RFC") (R. at 72-74) and opined that he was moderately limited in his ability to (1) carry out detailed instructions; (2) maintain attention and concentration for extended periods; and to (3) interact appropriately with the general public.  Plaintiff was markedly limited in his ability to understand and remember detailed instructions, but he otherwise was not significantly limited.  R. at 72-74.

On May 23, 2012, another state agency consultant, G. Dale, Jr., Ed.D., again used the PRT to evaluate Plaintiff's mental impairments under Listings 12.02 and 12.08.  R. at 80-82.  Dr. Dale opined that, under paragraph B of the applicable listings, Plaintiff's mental impairments caused him to experience (1) moderate restriction in activities of daily living; (2) moderate difficulties in maintaining social functioning; (3) moderate difficulties in maintaining

concentration, persistence, or pace; and (4) one or two episodes of decompensation of extended duration.  R. at 81.  Dr. Dale did not find evidence to establish the presence of the criteria under paragraph C of the applicable listings.  R. at 81.  Dr. Dale thus assessed Plaintiff's mental RFC (R. at 83-84) and opined that he was moderately limited in his ability to (1) carry out detailed instructions; (2) maintain attention and concentration for extended periods; and to (3) interact appropriately with the general public.  Plaintiff was markedly limited in his ability to understand and remember detailed instructions, but he otherwise was not significantly limited.  R. at 83-84.

**B.    Hearing Testimony**

    **1.    Plaintiff's Testimony**

The ALJ reviewed Plaintiff's testimony in his decision:

> In his testimony and written statements of record [R. at 193-200, 226-27], [Plaintiff] alleged disability primarily based upon conditions of depression, anxiety, and attention deficit hyperactivity disorder (ADHD).  Despite medication, associated symptomatology reportedly includes social withdrawal, fatigue, decreased energy, diminished concentration, distractibility, nighttime sleep disturbance causing him to sleep until at least 10 a.m., and a history of behavioral issues requiring special high school classes in the past.

R. at 18; *see* R. at 34-56.

    **2.    VE Testimony**

The VE testified that a hypothetical person with Plaintiff's same age, education, work experience, and the RFC outlined below in Part III could perform the heavy, unskilled job of commercial or institutional cleaner, the medium, unskilled job of cleaner II, and the light, unskilled job of marker.[2]  R. at 57-59.  These jobs could be performed by someone "off task"

---

[2] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds."  20 C.F.R. § 416.967(d).  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  *Id.* § 416.967(c).  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  *Id.*

between five and ten percent.  R. at 59.  A person "off task" more than 15% would not be productive enough to be employable.  R. at 60.  With the exception of his testimony regarding task persistence and work productivity, the VE's testimony was consistent with the *Dictionary of Occupational Titles*[3] ("DOT").  R. at 62.

### III

### Summary of ALJ's Decision

On January 7, 2014, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the application date of December 19, 2011; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) did not have any past relevant work; but (5) could perform work in the national economy, such as an industrial commercial cleaner, cleaner II, or marker.  R. at 15-21.  The ALJ thus found that he was not disabled since the application date of December 19, 2011.  R. at 21.

In finding that Plaintiff's mental impairments did not meet or medically equal the criteria of Listings 12.02, 12.04, and 12.06 found in 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.02, 12.04, and 12.06, the ALJ found that Plaintiff had moderate restriction in activities of daily living;

---

§ 416.967(b).  "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."  *Id.* § 416.968(a).

[3] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. § 416.966(d)(1).  "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption."  *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

moderate difficulties in social functioning; mild difficulties with regard to concentration, persistence, or pace; and no episodes of decompensation of extended duration. R. at 16. The ALJ then found that Plaintiff had the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] is limited to no more than occasional and superficial contact with co-workers and the public, and cannot work at a production-rate pace (as typically found on an assembly line or in piecework). Changes in routine with the addition of new tasks should not occur more frequently than once per week on average, and he must have a few extra minutes of supervision at those times of change. Finally, as a result of fatigue, [Plaintiff] is limited to relatively simple, routine tasks and some detailed and complex tasks.

R. at 17. Regarding Plaintiff's credibility, the ALJ found that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. at 18.

IV

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled,

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

regardless of age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4).  RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.  *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012).  The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the

national economy.  *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

V

**Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Id.*  The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  *Hancock*, 667 F.3d at 472.  Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."  *Smith v.*

*Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Plaintiff first contends that the ALJ erred at step two of the sequential evaluation process by failing to consider his oppositional defiant disorder as a severe impairment.  Pl.'s Mem. Supp. Mot. Summ. J. 19-20, ECF No. 14-1.  Plaintiff then maintains that the ALJ erred at step three by failing to find that his mental impairments meet or equal Listings 12.02, 12.04, or 12.06.  *Id.* at 20-22.  Plaintiff further asserts that the ALJ erred at steps four five by failing to consider his oppositional defiant disorder and by improperly assessing his level of functioning.  *Id.* at 23-24.  Plaintiff finally argues that the ALJ erred in relying on the VE's testimony that conflicted with the DOT.  *Id.* at 24-27.  For the reasons discussed below, the Court remands this case for further proceedings.

Social Security Ruling[5] 96-8p explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.  "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy."  The Ruling further explains that the residual functional capacity "assessment must include a narrative

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted.  20 C.F.R. § 402.35(b)(1).  Once published, these rulings are binding on all components of the Social Security Administration.  *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1).  "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law."  *Pass*, 65 F.3d at 1204 n.3.

> discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Here, the VE testified that a loss of productivity of more than 15% would result in an inability to maintain employment. R. at 60. The ALJ found that Plaintiff had moderate difficulties in social functioning and mild difficulties with regard to concentration, persistence, or pace. R. at 16. Case law suggests that a mild deficit in concentration, persistence, or pace is tantamount to a 10% deficit and that a moderate deficit in social functioning corresponds to a

10% to 20% deficit. *Broder v. Comm'r of Soc. Sec.*, Civil Action No. 10-15162, 2012 WL 529944, at *3 (E.D. Mich. Jan. 24, 2012), *report and recommendation adopted*, No. 10-15162, 2012 WL 527867 (E.D. Mich. Feb. 17, 2012). The ALJ, however, did not explain why he did not find any loss of productivity (or a loss of productivity of less than 15%) caused by Plaintiff's impairments. Although it is reasonable to assume that Plaintiff's moderate limitation in social functioning and mild limitation in maintaining concentration, persistence, or pace "translate into a decrease in productivity," *Sterling v. Colvin*, No. 1:13-CV-01132-SEB, 2014 WL 4328682, at *2 (S.D. Ind. Aug. 29, 2014), the ALJ's decision failed to address this issue and to explain how, despite Plaintiff's moderate limitation in social functioning and mild difficulties in maintaining concentration, persistence, or pace, he could remain productive for at least 85% of the workday. While "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)), "the ALJ 'must build an accurate and logical bridge from the evidence to his conclusion.'" *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). "If the ALJ believed [Plaintiff's] moderate limitations would not significantly impact [his] productivity, he needed to articulate why. Without such explanation, his decision is not supported by substantial evidence." *Sterling*, 2014 WL 4328682, at *3. Because this inadequacy in the ALJ's analysis frustrates meaningful review, remand is appropriate, and the Court need not address Plaintiff's remaining arguments. *See Mascio*, 780 F.3d at 636.

## VII

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 15) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**. Defendant's final decision is **REVERSED IN PART** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order shall issue.

Date: September 30, 2016

/s/
Thomas M. DiGirolamo
United States Magistrate Judge